IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Hector M. Vaca,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 3:04-23423-CMC-BM |
| v. ) | |
| ) | **O R D E R** |
| **Sears Roebuck Company, d/b/a Sears,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant's motion for fees and costs. Because of the Magistrate Judge's greater familiarity with pretrial proceedings, the undersigned referred the motion to the Magistrate Judge for a Report and Recommendation as to whether fees and costs should be awarded and, if so, the amount of any award.

The Report recommends that the motion be denied in full. Defendant has objected to that recommendation on multiple grounds.

After a *de novo* review of the Report and Recommendation, the three memoranda and multiple attachments filed in support of and opposition to the underlying motion and various previous filings referenced therein, the court concludes that the motion should be denied for the reasons set forth in the Magistrate Judge's Report and Recommendation and as further explained herein. By this order, the court also addresses one issue left open by the Report: whether and in what form to sanction Plaintiff's original attorney, Mark R. Calhoun, Esquire,[1] for his failure to comply with a court order.

---

[1] Mr. Calhoun has not been relieved as counsel. It appears, however, that other counsel, who appeared after entry of the docket text order requiring the sworn statement from Mr. Calhoun, have taken over representation of Plaintiff as well as undertaking representation of Mr. Calhoun to the extent fees are sought from him personally.

I.      **Sanctions for Calhoun's non-compliance with a court order**

The Report and Recommendation left open whether Mr. Calhoun should be penalized for failing to comply with a March 5, 2008 docket text order which required Mr. Calhoun to file a sworn statement indicating whether he received electronic notice of Defendant's motion for fees and, if so, on what date and at what e-mail address. Dkt. No. 148 (docket text order). That order also granted an extension until March 12, 2008, to file a response to the motion for attorney's fees.

Mr. Calhoun never complied with the requirement that he file a sworn statement and has filed no other memoranda since entry of that order. Instead, other attorneys filed appearances for the purpose of representing both Plaintiff and Mr. Calhoun as to the motion for fees. After seeking and obtaining further extensions, these attorneys filed a memorandum in opposition to the fee request. They did not, however, address Mr. Calhoun's failure to file a sworn statement.

Defendant objects to the Magistrate Judge's failure to consider Mr. Calhoun's non-compliance with the directive to file a sworn statement. Dkt. No. 169 n. 10. In its reply in support of attorneys' fees, Defendant noted that it had drawn the requirement for such a statement to the attention of the attorneys defending the motion for fees and costs. Dkt No. 165 n. 2. Defendant also suggested that the proper remedy for this failure would be to strike Plaintiff's response to the motion for fees and costs. Dkt No. 165 at 4.

While the court agrees that the non-compliance is inexcusable, it disagrees with Defendant's proposed sanction. Notably, the same order which required the sworn statement gave Plaintiff an extension of the time to respond to the motion for fees. Thus, the extension of time was not conditioned on receipt of the required response or an adequate explanation for the delay in

responding.[2] A further extension was granted after new counsel filed appearances. This extension was, likewise, not conditioned on filing of the sworn statement.

The sanction for non-compliance should, therefore, be considered independently of the motion for fees. Absent a showing of good cause why such a sanction would not be appropriate, the court will impose a penalty in the form of a fine of $1,000 for this noncompliance. Mr. Calhoun shall be allowed fourteen days from entry of this order to pay that fine to the court or to show cause why this sanction is inappropriate or excessive.

## II.     Fees relating to redeposition of Plaintiff

Defendant's primary argument is that Plaintiff and Calhoun have committed a fraud on the court by filing a false errata sheet. This argument is based on alleged admissions by Plaintiff during his second deposition that he had not read the first deposition prior to signing the errata sheet but had, instead, based his objections on difficulties of translation he noticed during the deposition. This argument certainly finds some support in the second deposition. On the other hand, there is evidence that Plaintiff was confused during his second deposition. This evidence is found both in the deposition itself and in Plaintiff's subsequent affidavit in which he explains that he misunderstood the question during his second deposition and that he had, in fact, read and worked through the first deposition with the assistance of an employee in his attorney's office. Other affidavits support these claims. When the deposition statement and affidavits are read in context of Plaintiff's limited understanding of English, Plaintiff's present explanation is at least reasonable.

---

[2] As Defendant notes in its reply brief, Mr. Calhoun "initially claimed he had not received electronic notice of Defendant's motion for fees but later backtracked, claiming he may have received it but was not sure." Dkt. No. 165 at 3. The order granting the extension required clarification of this point but did not condition the extension on compliance or any particular proof. Dkt No. 148.

3

The court need not, however, resolve this credibility question because it concludes that the decision not to allow Defendant to rely on Plaintiff's first deposition was not the result of any false statement or inference from the errata sheet. Certainly, the errata sheet raised the concern. But it would have had the same effect had the errata sheet been worded differently: that Plaintiff believed from his experience *during* the deposition that the translation was inaccurate.

After the issue was raised, the court enlisted the aid of a certified translator and, based on that translator's report, concluded that the first deposition, as a whole, was not reliable. The decision not to allow reliance on Plaintiff's first deposition was upheld by this court under an abuse of discretion standard of review. Having again reviewed the record and now with the benefit of hindsight (and knowledge of the second deposition), this court again concludes that the decision of the Magistrate Judge to exclude the first deposition was not an abuse of discretion. This court would, moreover, have reached the same conclusion if considering the matter *de novo*. Regardless of how the concerns were raised, there were sufficient problems with the first deposition that it could not be considered reliable.

Thus, the court finds any confusion, error or misstatement in the errata sheet was not the cause of any increased cost of litigation because the issue of the inaccuracy of the transcript could and would have been raised at some point before summary judgment was issued and would, ultimately, have led to the same result: the court's refusal to allow reliance on Plaintiff's first deposition. This is not to excuse any intentional misstatement which may have been made (and the court makes no finding that misstatements were made). It is only to say that Defendant's added costs did not result from the manner in which the concerns with the first deposition were raised. Rather, they resulted from the fact that the translation of the questions and responses was not reliable.

The court also notes that Defendant elected to proceed with filing its first motion for summary judgment despite being on notice that Plaintiff challenged the accuracy of the deposition

4

transcript.[3] Defendant could, instead, have sought to clarify this position in advance of filing its first motion for summary judgment. It made a strategic choice not to do so. While this choice may have been reasonable, it remains Defendant's choice as does Defendant's decision to redepose Plaintiff rather than resting on the absence of evidence which would have followed from eliminating reliance on Plaintiff's deposition.[4]

### III.   Frivolousness of continued pursuit after filing of first summary judgment motion

All of Plaintiff's claims failed on summary judgment. Some of those claims were legally insufficient (Section 1981 claim based on national origin) or failed on procedural (failure to exhaust administrative remedies) grounds. The remainder failed for lack of evidence.

There is, however, no showing that the claims which were legally insufficient or procedurally barred caused any substantial additional fees or costs, and certainly not the unusually high fees incurred after the first motion for summary judgment was filed in this action which is the date by which Defendant claims Plaintiff and his attorney should have realized the case was frivolous and the date from which all costs now sought are measured.[5]

---

[3] The motion for summary judgment was filed on February 6, 2008. The concerns with the deposition were raised no later than November 29, 2005, in a letter in which Plaintiff's attorney noted that he and his client had "serious concerns about the integrity of the translation" and that counsel had "not encountered a translated deposition with as many mistakes in the past." He, therefore, "propose[d] that the only accurate way to have this reviewed would be to obtain the deposition tape copies and attempt to have a translator review this again with the tapes and transcripts." Dkt No. 61-12 at 2.

[4] The court emphasizes that it is not criticizing either decision. It simply notes that litigation often involves strategic choices with risks in each direction, with the likelihood of increased fees being one of those risks.

[5] Defendant also argues that the Magistrate Judge erred under his Section 1927 analysis in focusing on "Plaintiff's" actions, as opposed to his counsel's actions, given that Section 1927 is directed to the actions of attorneys. This is a distinction without a difference as the Report's reference to Plaintiff appears to be a generic reference to Plaintiff and his counsel. In any event, the same result obtains if "Plaintiff's counsel" is substituted for each such reference to Plaintiff.

5

Many of the over $100,000 in fees incurred after the first motion for summary judgment was filed, in fact, appear to result from Defendant's unsuccessful opposition to Plaintiff's challenge to reliance on his deposition or to the retaking of the deposition. These fees and related costs flowed naturally from the court's orders, not from any improper litigation tactics or decisions by Plaintiff and his attorney. Thus, they cannot be recovered based on a claim of frivolousness or bad faith.[6]

In addition, it seems doubtful that preparation of the second motion for summary judgment should have required extensive work, given the preparation of the earlier motion. Certainly, some time was required to fit the new deposition references into the old arguments, but a complete rewriting should have been unnecessary.

Ultimately, this court agrees that Plaintiff's claims turned out to be exceptionally weak and some were not only factually but legally insupportable. The court does not, however, find that Plaintiff's claims were so weak as to be frivolous. In reaching this conclusion, the court does not rely on the length of memoranda and orders, but on the content of the memoranda and referenced evidentiary support. The court also considers the substantial language barriers complicating communications between Plaintiff and his counsel which, necessarily, complicated their ability to evaluate the case. The difficulties with the first deposition, likewise, were matters that Plaintiff's counsel was obligated to confront. It is reasonable to presume that Plaintiff's counsel could not fully evaluate the case until presented with a deposition properly translated as to both the questions and answers.

Having fully considered the record, this court simply cannot conclude that Plaintiff's claims, though weak, were frivolous or that they satisfy any of the cited standards for an award of fees. The

---

[6] Defendant's primary argument for awarding these costs is that Plaintiff and his attorney made misrepresentations which led the court to order the redeposition. This argument is addressed, and rejected, in § I of this order.

court declines to find that Plaintiff's claims were pursued, by Plaintiff or his counsel, in bad faith or vexatiously.

The court also declines to exercise its inherent power to award fees. In doing so, the court has considered that exercise of such a general power is not only not warranted by the history of this litigation, but would also be contrary to the spirit of Rule 11's safe harbor provisions.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation except to impose a penalty on Mark R. Calhoun in the amount of $1,000 for failure to comply with a court order absent a showing of good cause why such sanction should not be imposed. Mr. Calhoun shall be allowed fourteen days from entry of this order to pay that fine to the court or to show cause why this sanction is inappropriate or excessive. Defendant's motion for fees and costs beyond those set forth in the bill of costs is otherwise denied.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 17, 2008